# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 06 CR 2609 JM |
|---|---|
| Plaintiff, vs. KRISTOPHER KINMAN, Defendant. | **ORDER DENYING MOTION TO DISMISS INDICTMENT FOR VINDICTIVE PROSECUTION** |

In an indictment filed July 27, 2007, the government charged defendant Kristopher Kinman ("Defendant") with one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and three counts of distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Defendant pleaded not guilty to all charges. Defendant now moves to dismiss the indictment for vindictive prosecution. The court held a hearing on this motion on April 25, 2008. For reasons set forth below, the court hereby **DENIES** the motion.

## I.   BACKGROUND

The following facts are undisputed.

Defendant was arrested on October 27, 2006. On December 8, 2006, both Defendant and his co-defendant Penelope Geary were indicted and charged with one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and one count of distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Both defendants pleaded

1  not guilty on December 19, 2006.

2  On March 29, 2007, the government offered a "package" disposition to both defendants.
3  Defendant Kinman rejected this offer. The government then offered a revised deal to Geary. Geary
4  accepted the revised offer and pleaded guilty to the conspiracy charge in the original indictment on
5  May 17, 2007.

6  On July 27, 2007, the government filed a superseding indictment against Defendant only. The
7  superseding indictment added two counts of distribution of methamphetamine. These counts did not
8  involve Geary and pre-dated the conspiracy alleged in the original indictment. Defendant was
9  arraigned for the superseding indictment on August 8, 2007, and pleaded not guilty.

## II. DISCUSSION

Defendant moves to dismiss the indictment due to vindictive prosecution.

"A prosecutor violates due process when he seeks additional charges solely to punish a defendant for exercising a constitutional or statutory right." United States v. Gastelum-Almeida, 298 F.3d 1167, 1172 (9th Cir. 2002) (citing Bordenkircher v. Hayes, 434 U.S. 357, 363 (1978); United States v. Hernandez-Herrera, 273 F.3d 1213, 1217 (9th Cir. 2001)). A defendant claiming vindictive prosecution must make an initial showing that the prosecutor added charges due to the defendant's exercise of a statutory, procedural, or constitutional right. Gastelum-Almeida, 298 F.3d at 1172 (citing United States v. Garza-Juarez, 992 F.2d 896, 906 (9th Cir. 1993)). "The mere appearance of vindictiveness gives rise to a presumption of vindictive motive." United States v. Heldt, 745 F.2d 1275, 1280 (9th Cir. 1984) (citation omitted). Nevertheless, vindictiveness claims are

> evaluated differently when the additional charges are added during pretrial proceedings, particularly when plea negotiations are on going, than when they are added during or after trial. . . . [I]n the context of pretrial plea negotiations vindictiveness will not be presumed simply from the fact that a more severe charge followed on, or even resulted from, the defendant's exercise of a right.

United States v. Gamez-Orduno, 235 F.3d 453, 462 (9th Cir. 2000) (internal citations omitted).

Defendant argues that a presumption of vindictiveness arises because the prosecution re-indicted him on more severe charges after he exercised his constitutional right to trial by jury. He then claims that the government cannot rebut the presumption because the additional charges related to facts known to the government at the time of the original indictment. The government responds that

1  this case is materially indistinguishable from Bordenkircher, United States v. Goodwin, 457 U.S. 368
2  (1982), and the Ninth Circuit cases analyzing vindictive prosecution in the pretrial context. See, e.g.,
3  Gastelum-Almeida, 298 F.3d 1167; Heldt, 745 F.2d 1275; United States v. Allsup, 573 F.2d 1141 (9th
4  Cir. 1978).  Thus, according to the government, a presumption of vindictiveness does not arise.

5        The government has the better argument.  Here, after Defendant rejected the government's
6  "package" offer, defendant Geary pleaded guilty to a revised offer.  The prosecutor then sought an
7  indictment against Defendant adding two counts unrelated to Geary and pre-dating the conspiracy
8  alleged in the original indictment. This exercise of "permissible prosecutorial discretion," Allsup, 573
9  F.2d at 1143, does not give rise to a presumption of vindictiveness. See also Gamez-Orduno, 235 F.3d
10 at 462; Goodwin, 457 U.S. at 382-83 ("This Court in Bordenkircher made clear that the mere fact that
11 a defendant refuses to plead guilty and forces the government to prove its case is insufficient to
12 warrant a presumption that subsequent changes in the charging decision are unjustified.").[1]

13 **III.   CONCLUSION**

14       Based on the foregoing, the court hereby **DENIES** Defendant's motion to dismiss the
15 indictment for vindictive prosecution.

16       **IT IS SO ORDERED.**

17 **DATED: April 28, 2008**

18                                                    **Hon. Jeffrey T. Miller**
19                                                    **United States District Judge**

20 cc:      All parties

---

[1] Accordingly, the court does not reach the parties' arguments related to actual vindictiveness.