UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>KRISTOPHER KINMAN (02),<br><br>                              Defendant. | Case No.:  16cv1360 JM<br>                    06cr2609-2 JM<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255** |

This matter comes before the court on Defendant Kristopher Kinman's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  (Doc. No. 149.) Defendant's motion is based on the Supreme Court's holding in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015).  After careful consideration of the arguments presented, the court denies Defendant's motion.[1]

---

[1] On October 3, 2016, over five weeks past the deadline set by the court for its response, (Doc. No. 152), the Government attempted to file its opposition to Defendant's motion, (Doc. No. 154).  Per local and chambers rules, the court rejected the opposition as untimely, but invited the Government to comply with those rules in resubmitting its opposition.  (Doc. No. 155.)  The Government did not act on that invitation until more than two weeks after that, as this order was set to issue, at which time it moved for leave to file a late opposition.  (Doc. No. 157.)  Because the court has already undertaken its

**BACKGROUND**

In 1997, Defendant was convicted of robbery under California Penal Code section 211 ("California robbery"). In 2002, he was convicted of drug trafficking. And on September 26, 2008, he pled guilty to two counts of distributing five or more grams of methamphetamine. The court sentenced Defendant on those two counts on February 13, 2009. The court determined that Defendant qualified as a career offender, finding that his prior conviction for California robbery qualified as a crime of violence as defined by the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") section 4B1.2. Because Defendant qualified as a career offender based on his two previous convictions, his total offense level increased from 29 to 31. With a criminal history category of VI, Defendant's status as a career offender caused his Guidelines range to increase from 151–188 months to 188–235 months. The court granted a downward departure and varied further downward, eventually imposing a sentence of 144 months on each count, to run concurrently.

As part of his plea deal, Defendant agreed to waive, "to the full extent of the law," any right to collaterally attack his conviction and sentence. Accordingly, Defendant did not appeal his conviction or sentence. But on June 25, 2015, the Supreme Court decided <u>Johnson</u>, which invalidated the residual clause of the Armed Career Criminal Act's ("ACCA") definition of violent felony. 135 S. Ct. at 2557–60. Because section 4B1.2(a) of the Guidelines ("the Career Offender Guidelines") employs an identical residual clause in defining crime of violence, Defendant filed the instant motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on June 3, 2016.[2]

---

own inquiry to determine whether relief is appropriate in this case, the court now denies the Government's motion as moot.

[2] A defendant seeking relief under section 2255 must file a motion within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). As Defendant filed his

# DISCUSSION

## I. Legal Standards

Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." If the court determines that relief is warranted under section 2255, it must "vacate and set the judgment aside" and "discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." Id. § 2255(b).

## II. Analysis

The Career Offender Guidelines require courts to increase the offense level of a "career offender." Section 4B1.1(a) defines a career offender as a defendant who "has at least two prior felony convictions of either a crime of violence or a controlled substance offense."[3] Section 4B1.2(a) of the November 1, 2008, Guidelines, which were in use at the time of Defendant's sentencing,[4] defined a "crime of violence" as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

---

motion within one year of Johnson, which recognized the right Defendant seeks to assert, the motion is timely.

[3] There is no dispute that Defendant's 2002 conviction for drug trafficking was a predicate "controlled substance offense."

[4] An amendment to the Career Offender Guidelines, which became effective August 1, 2016, redefines crime of violence by, among other things, deleting the residual clause and adding robbery to the list of enumerated offenses. See U.S.S.G. § 4B1.2, amend. 798 (Aug. 1, 2016), available at http://www.ussc.gov/sites/default/files/pdf/guidelines-manual/2015/GLMSupplement.pdf. Neither party suggests that the court use this new definition, and indeed, the applicable Guidelines are those that were in effect at the time of sentencing. See U.S.S.G. § 1B1.11(a).

3

Section 4B1.2(a)(1) is typically referred to as the "force" or "elements" clause. The first portion of section 4B1.2(a)(2), which lists four enumerated offenses, is typically referred to as the "enumerated offenses" clause. The second portion of section 4B1.2(a), beginning with the words "or otherwise," is typically referred to as the "residual clause." See, e.g., United States v. Crews, 621 F.3d 849, 852 (9th Cir. 2010). Thus, under the Career Offender Guidelines in use at the time of Defendant's sentencing, there were three ways a conviction could qualify as a crime of violence: (1) under the force/elements clause, (2) as a match for one of the four enumerated offenses, or (3) under the residual clause.

Defendant argues that because Johnson invalidated the ACCA's residual clause, it must also have invalidated the Career Offender Guidelines' residual clause, and it must apply retroactively. Therefore, Defendant argues, California robbery is not a predicate crime of violence because it (a) no longer falls within the residual clause, (b) does not qualify under the force/elements clause, and (c) is not one of the four enumerated offenses, and if California robbery is not a predicate crime of violence, the court erred in determining that he was a career offender based on that conviction. Defendant notes that without this alleged error, his total offense level would have been 29 rather than 31, and his Guidelines range would have been 151–188 months rather than 188–235 months.

**A.   Waiver**

Before the court may address the merits of Defendant's claim, it must first determine whether the terms of Defendant's plea agreement preclude this motion. Indeed, Defendant waived, "to the full extent of the law," any right to collaterally attack his conviction and sentence. But the Ninth Circuit has held that this type of waiver does not apply if the sentence violates the law. United States v. Bibler, 495 F.3d 621, 624 (9th Cir. 2007). In fact, the Ninth Circuit recently addressed this exact question, stating that if Johnson nullifies the residual clause of the Career Offender Guidelines, sentences rendered pursuant to that clause are likely unconstitutional, and thus waivers in plea

4

agreements cannot bar collateral attacks on that basis. United States v. Torres, 828 F.3d 1113, 1125 (9th Cir. 2016); see also United States v. Dean, No. 3:13-CR-00137-SI, 2016 WL 1060229, at *4 n.6 (D. Or. Mar. 15, 2016) ("[T]he Government stipulates that although Dean expressly waived his right to file a § 2255 motion collaterally attacking his sentence, his waiver does not bar this motion because of the constitutional basis for Dean's challenge."); but see United States v. Inoshita, No. 15-00159 JMS, 2016 WL 2977237, at *4 (D. Haw. May 20, 2016) (noting in case arising under Johnson, in which parties did not rely on the residual clause, that "even if the court misapplied the career offender provision, such an error would be a guideline—not constitutional—error").

Here, Defendant asserts that his sentence was imposed under the now arguably unconstitutional residual clause of the Career Offender Guidelines. Thus, pursuant to Bibler and Torres, the court finds that the waiver in Defendant's plea agreement does not bar this motion.

### B.  Procedural Default

The court must also consider whether Plaintiff has procedurally defaulted his section 2255 motion by failing to appeal his sentence. The most obvious reason that Defendant did not appeal his sentence is that Defendant was complying with his plea agreement. Even disregarding this fact, however, the court finds that cause for the default and prejudice both exist in this case. Therefore, Defendant has overcome the general rule that "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." Massaro v. United States, 538 U.S. 500, 504 (2003).

#### 1.  Cause

The Supreme Court has held that cause is found when "the factual or legal basis for a claim was not reasonably available to counsel" at the time a direct appeal could have been filed. Murray v. Carrier, 477 U.S. 478, 488 (1986). Thus, there is no procedural default based on a failure to file a direct appeal if the appeal "would have been futile, because a solid wall of circuit authority" precluded that appeal. English v. United States,

42 F.3d 473, 479 (9th Cir. 1994) (internal quotations and citations omitted); see also Kimes v. United States, 939 F.2d 776, 778 (1991) (holding that failure to object to a jury instruction was not fatal to a section 2255 petition because well-settled law precluded the claim at the time).

Here, Johnson expressly overruled prior Supreme Court cases upholding the ACCA's residual clause. Thus, before Johnson, vagueness challenges to the residual clauses in the ACCA—and by extension the Career Offender Guidelines—were foreclosed by the Supreme Court decisions in James v. United States, 550 U.S. 192 (2007), and Sykes v. United States, 131 S. Ct. 2267 (2011). Accordingly, Defendant has demonstrated cause for his procedural default.

### 2.  Prejudice

Defendant must also demonstrate prejudice by showing that the alleged error "worked to his actual and substantial disadvantage . . . ." United States v. Braswell, 501 F.3d 1147, 1150 (9th Cir. 2007). In this case, even though the Guidelines are advisory, and the court imposed a sentence below the applicable Guidelines range, the court is cognizant of the Ninth Circuit's proclamation that "the Guidelines are the 'starting point and the initial benchmark' of sentencing, and the failure [to] accurately . . . state the Guidelines range at the onset [would] derail[] the sentencing proceeding before it even began." United States v. Doe, 705 F.3d 1134, 1154 (9th Cir. 2013) (quoting Kimbrough v. United States, 552 U.S. 85, 108 (2007)). As the Supreme Court put it, "[e]ven if the sentencing judge sees a reason to vary from the Guidelines, if the judge uses the sentencing range as the beginning point to explain the decision to deviate from it, *then the Guidelines are in a real sense the basis for the sentence*." Peugh v. United States, 133 S. Ct. 2072, 2083 (2013) (emphasis in original and internal quotations omitted). Put differently, "when a Guidelines range moves up or down, offenders' sentences move with it." Id. at 2084.

Indeed, the Supreme Court recently declared that, in most cases, application of an incorrect Guidelines range and sentencing affects a defendant's substantial rights, even if

the sentence imposed is within the correct Guidelines range. Molina-Martinez v. United States, 136 S. Ct. 1338, 1346–47 (2016). And the Ninth Circuit has long held that, on direct review, miscalculation of the Guidelines range constitutes plain error that affects a defendant's substantial rights. United States v. Bonilla-Guizar, 729 F.3d 1179, 1188 (9th Cir. 2013) ("We have held that when a sentencing judge incorrectly calculates the Guidelines range, potentially resulting in the imposition of a greater sentence, the error affects the defendant's substantial rights and the fairness of the judicial proceedings."). Given this authority, the court finds that the constitutional error in calculating Defendant's Guidelines range "worked to his *actual* and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982) (emphasis in original).

In sum, Defendant has shown cause and prejudice sufficient to overcome his failure to file a direct appeal challenging his sentence, and the court will now turn to the merits of his claim.

### C. The Residual Clause

#### 1. Johnson Invalidated the Residual Clause of Section 4B1.2

Defendant argues that the holding in Johnson, which nullified the residual clause in the definition of "violent felony" in the ACCA, applies equally to the identical residual clause in the definition of "crime of violence" in the Career Offender Guidelines. And indeed, both clauses define as violent any offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." See U.S.S.G. § 4B1.2(a)(2) (2008); 18 U.S.C. § 924(e)(2)(B)(ii).

In Johnson, the Supreme Court held that this language "fails to give ordinary people fair notice of the conduct it punishes" and "invites arbitrary enforcement," thereby "violat[ing] the first essential of due process." 135 S. Ct. at 2556–57. The requirements of fair notice and enforcement standards "apply not only to statutes defining elements of crimes, but also to statutes fixing sentences." Id. at 2557. For these reasons, Johnson held that "increasing a defendant's sentence under the [residual] clause denies due process of law." Id.

While the Supreme Court did not expressly address whether Johnson's holding applies to the identical clause of the Career Offender Guidelines, it is notable that the Ninth Circuit makes "no distinction between the terms 'violent felony' as defined in the ACCA and 'crime of violence' as defined in § 4B1.2(a)(2) of the Sentencing Guidelines for purposes of interpreting the residual clauses." United States v. Spencer, 724 F.3d 1133, 1138 (9th Cir. 2013) (internal quotations and alterations omitted); see also United States v. Coronado, 603 F.3d 706, 709–11 (9th Cir. 2010) (stating that courts interpret the residual clauses in the ACCA and Career Offender Guidelines according to the same precedent).

Given the Ninth Circuit's directive to consider the clauses in harmony, it is unsurprising that nearly every court within the circuit to address this issue has concluded that Johnson applies equally to the residual clause of the Career Offender Guidelines, making it also void for vagueness. See, e.g., United States v. McGary, No. 14-cr-13-CW, 2016 WL 4126451, at *5-6 (N.D. Cal. Aug. 3, 2016); United States v. Stamps, No. CR 13-238 CW, 2016 WL 3747286, at *1 (N.D. Cal. June 29, 2016); United States v. Benard, No. 12-CR-00780-SI-1, 2016 WL 5393939, at *6 (N.D. Cal. Sept. 27, 2016); United States v. Hoopes, No. 3:11-CR-00425-HZ, 2016 WL 3638114, at *7 (D. Or. July 5, 2016); Dean, 2016 WL 1060229; Gibson v. United States, No. 15–CV–5737–BHS, 2016 WL 3349350 (W.D. Wash. June 15, 2016); Gilbert v. United States, No. 15–CV–1855–JCC, 2016 WL 3443898 (W. D. Wash. June 23, 2016); United States v. Bercier, No. 13–CR–102–RMP, 2016 WL 3619638 (E.D. Wash. June 24, 2016); United States v. Snead, No. 12–CR–649–CW, 2016 WL 4091548 (N.D. Cal. August 2, 2016); United States v. Teeples, No. 02–CR–45–M–DWM, 2016 WL 4147139 (D. Mont. August 3, 2016). The court agrees, and finds that Johnson nullifies the residual clause of the definition of crime of violence in the Career Offender Guidelines.

### 2. Johnson Applies Retroactivity

The court must next determine whether Johnson applies retroactively to the Career

Offender Guidelines.[5]  First and foremost, the court recognizes Welch v. United States, 136 S. Ct. 1257 (2016), in which the Supreme Court recently held that Johnson applies retroactively to ACCA cases.  Id. at 1268 (holding that Johnson "announced a substantive rule that has retroactive effect in cases on collateral review").  In Welch, the Supreme Court noted that while "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced," "two categories of decisions . . . fall outside this general bar . . . ."  Id. at 1264 (citing Teague v. Lane, 489 U.S. 288, 310 (1989)).  "First, new substantive rules generally apply retroactively."  Id. (quotations and alterations omitted).  "Second, new watershed rules of criminal procedure, which are procedural rules implicating the fundamental fairness and accuracy of the criminal proceeding, will also have retroactive effect."  Id. (quotations omitted).

A series of Ninth Circuit cases guides the court's determination of whether Johnson, as it applies to the Career Offender Guidelines, constitutes a new substantive or watershed procedural rule.  In the first case, United States v. Grisel, 488 F.3d 844 (9th Cir. 2007), the Ninth Circuit held that Oregon's second-degree burglary law was not categorical burglary for purposes of the ACCA. Id. at 851. And in the next, Reina-Rodriguez v. United States, 655 F.3d 1182 (9th Cir. 2011), the court considered whether Grisel had retroactive effect as applied to the Guidelines, concluding that it did. Id. at 1185–86.  There, the court held that, because Grisel "altered the conduct that substantively qualifies as burglary under the categorical approach" for purposes of the ACCA, it announced a substantive rule, rather than a procedural one, and was eligible for retroactive application.  Id. at 1189.  Reina-Rodriguez did not distinguish between

---

[5] The court notes that the Supreme Court recently granted certiorari in Beckles v. United States, 136 S. Ct. 2510 (2016), to address this exact question, but because the court ultimately determines that Defendant's conviction for California robbery remains a crime of violence notwithstanding Johnson, it will not wait for Supreme Court guidance before deciding the instant motion.

9

applying Grisel in the ACCA context versus applying Grisel in the Guidelines context—a fact that other courts within the Ninth Circuit have recognized in determining that Johnson applies retroactively to the Guidelines. See, e.g., United States v. Garcia, No. 13-CR-00601-JST-1, 2016 WL 4364438, at *6 (N.D. Cal. Aug. 16, 2016); Dean, 2016 WL 1060229, at *16.

Accordingly, and consistent with the Ninth Circuit's directive that retroactivity should not be applied "on a piecemeal basis," United States v. Sanchez-Cervantes, 282 F.3d 664, 671 (9th Cir. 2002), as amended (Mar. 15, 2002) ("A new rule should be retroactive as to all cases or as to none to avoid inconsistencies and unnecessary litigation."), the court finds that, based on Reina–Rodriguez and Welch, Johnson applies retroactively to the Guidelines. See, e.g., McGary, 2016 WL 4126451, at *5-6 (holding the same); Stamps, 2016 WL 3747286, at *1 (same); Benard, 2016 WL 5393939, at *6 (same).

### D.  The Force Clause and the Enumerated Crimes Clause

While the Supreme Court in Johnson invalidated the ACCA's residual clause, the Court made clear that its decision did "not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the [ACCA's] definition of a violent felony." 135 S. Ct. at 2563. Likewise, the court's determination in this case that Johnson applies retroactively to invalidate the residual clause does not call into question the remainder of the Career Offender Guidelines' definition of crime of violence. Thus, the court must still determine whether Defendant's conviction for California robbery remains a crime of violence under the enumerated offenses clause or under the force/elements clause.

#### 1.  The Remaining Definition of Crime of Violence

After excising the residual clause, the Career Offender Guidelines defines a crime of violence as any offense under federal or state law, punishable by imprisonment for a term exceeding one year, "that—(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a

dwelling, arson, or extortion, [or] involves use of explosives." U.S.S.G. § 4B1.2(a) (2008). Application Note 1 of the commentary to the Career Offender Guidelines also provides as follows:

> "Crime of violence" includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. Other offenses are included as "crimes of violence" if (A) that offense has an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (i.e., expressly charged) in the court of which the defendant was convicted involved use of explosives (including any explosive material or destructive device) or, by its nature, presented a serious potential risk of physical injury to another.

Id. app. n.1.

### 2. California Robbery Falls Within That Definition

California robbery "is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." Cal. Penal Code § 211. Defendant argues that because the Ninth Circuit has held that, post-Johnson, a conviction for California robbery cannot serve as a predicate violent felony conviction under the ACCA, United States v. Dixon, 805 F.3d 1193, 1199 (9th Cir. 2015), it likewise cannot qualify as a crime of violence under the Career Offender Guidelines.[6] There are no Ninth Circuit decisions directly addressing whether California robbery qualifies as a crime of violence under the Career Offender

---

[6] In United States v. McDougherty, 920 F.2d 569 (9th Cir. 1990), the Ninth Circuit squarely addressed whether California robbery qualified as a crime of violence under the Career Offender Guidelines, concluding that it did, because it is "certainly the kind of crime that presents a serious risk that physical force may be used." Id. at 574. However, this holding interpreted the Career Offender Guidelines' previous definition of crime of violence, which, with reference to 18 U.S.C. § 16, defined it in part as "any . . . offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Id. at 573–74. Because the Career Offender Guidelines no longer uses this definition, McDougherty is not on point.

Guidelines, but the Ninth Circuit has considered whether California robbery is a crime of violence under similar provisions, and those cases inform the court's decision.

First, in <u>United States v. Becerril-Lopez</u>, 541 F.3d 881, 893 (9th Cir. 2008), and <u>United States v. Flores-Mejia</u>, 687 F.3d 1213, 1214 (9th Cir. 2012), the Ninth Circuit contemplated whether California robbery qualifies as a crime of violence under Guidelines section 2L1.2, which deals with immigration offenses.  Unlike the Career Offender Guidelines, section 2L1.2 does not contain a residual clause, nor does the text of the section include a definition of crime of violence.  Instead, an application note to the section defines a crime of violence as any of a list of enumerated generic offenses—including robbery and extortion—or any offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2 app. n.1(B)(iii).

The Ninth Circuit held, in both <u>Becerril-Lopez</u> and <u>Flores-Mejia</u>, that, given this language, California robbery qualifies as a crime of violence under the section.  In <u>Becerril-Lopez</u>, the court stated that a conviction for California robbery categorically qualified as a crime of violence because a California robbery conviction could only result from conduct that either fell within the generic definition of robbery or the generic definition of extortion, both of which are listed in the application note.  541 F.3d at 890–93.  In <u>Flores-Mejia</u>, the court, for the same reason, stated that "any conviction [for California robbery] constitutes a crime of violence for purposes of § 2L1.2, regardless of whether the crime of conviction could be characterized as generic robbery or generic extortion."  687 F.3d at 1214.

At first blush, the Ninth Circuit's 2015 decision in <u>Dixon</u>, which Defendant cites in support of his argument, appears to suggest the opposite result.  In that case, the Ninth Circuit analyzed the ACCA's definition of a violent felony, which contains enumerated and force/elements clauses identical to those found in the Career Offender Guidelines, but with one significant difference: there is no application note, or any other authority, providing that robbery qualifies as a violent felony.  Given that, the court in <u>Dixon</u>

concluded that California robbery does not qualify as a violent felony under the ACCA because a person can be convicted under that statute for conduct that (a) does not fit within the generic definition of extortion, and thus does not fall within the enumerated offenses clause, and (b) results from the accidental or negligent use of force, and thus does not fall within the force/elements clause. See id. at 1197. Crucial to the court's holding was the fact that "the ACCA's definition of 'violent felony' includes only generic extortion; it omits generic robbery." Id. at 1196 (citing 18 U.S.C. § 924(e)(2)(B)(ii)).

Most recently, in United States v. Tate, No. 15-10283, 2016 WL 4191909 (9th Cir. Aug. 9, 2016), the Ninth Circuit addressed in an unpublished decision whether California robbery qualifies as a crime of violence under Guidelines section 2K2.1(a)(4)(A), which covers offenses involving firearms. Id. at *1. Section 2K2.1 does not define crime of violence, either in the text or in the application notes. Rather, an application note to section 2K2.1 states that crime of violence "has the meaning given that term in [the Career Offender Guidelines] *and Application Note 1 of the Commentary* to [the Career Offender Guidelines]." U.S.S.G. § 2K2.1 app. n.1 (emphasis added). The court held that the defendant "necessarily committed either generic robbery or generic extortion, which are both listed as crimes of violence in [the Career Offender Guidelines] and [the Career Offender Guidelines'] Application Note 1. Thus, [the defendant] categorically committed a crime of violence." Id. at *2. The only difference between Tate and this case, then, is that section 2K2.1, at issue in Tate, expressly directs courts to consider Application Note 1 to the Career Offender Guidelines, while the Career Offender Guidelines themselves do not.

Reading all these cases together, a reasonable conclusion emerges: if both extortion and robbery are deemed enumerated offenses, California robbery is a crime of violence. If they are not, it is not. On the one hand, Becerril-Lopez and Flores-Mejia hold that California robbery is a crime of violence under section 2L1.2 because, upon consulting the application note for the definition of crime of violence as directed, both

offenses are listed. Similarly, Tate holds that California robbery is a crime of violence under section 2K2.1 because, upon consulting both the Career Offender Guidelines and Application Note 1 for the definition of crime of violence as directed, both offenses are listed. On the other hand, Dixon holds that California robbery is not a crime of violence because the ACCA only lists extortion, and the Ninth Circuit made clear that robbery cannot come in by way of the force/elements clause.

As discussed, the text of the Career Offender Guidelines' definition only includes extortion. But robbery is included in Application Note 1. Thus, one issue remains: whether Application Note 1 can serve to import robbery into the Career Offender Guidelines' definition.

### a. Johnson Does Not Invalidate Application Note 1

Defendant argues that, along with disregarding the residual clause, the court must also disregard at least the list of additional offenses in Application Note 1, if not the entire note. According to Defendant, the "only valid construction of the application note is that the list of additional crimes is an interpretation of the now-void residual clause . . . reflecting the Commission's position that each of the named offenses (murder, manslaughter, forcible sexual offenses, and so on) is sufficiently risky to qualify under that clause." Hence, "Johnson's voiding of the residual clause has left the application note with no legal force." Indeed, some courts have acknowledged this reasoning. See United States v. Bercier, No. CR-13-102-RMP, 2016 WL 3619638, at *7 n.3 (E.D. Wash. June 24, 2016) ("Alternatively, specific crimes enumerated only in the U.S.S.G. § 4B1.2 application notes are merely example offenses that previously qualified as 'crimes of violence' under the now-unconstitutional residual clause."); United States v. Durete, No. 14-CR-071-WJM-1, 2016 WL 5791199, at *5 (D. Colo. Sept. 13, 2016) ("[T]he enumerated offenses in the Application Note are best seen as grounded in the residual clause, which is now invalid. That portion of the Application Note is therefore itself invalid."). But even in those cases, the courts did not merely invalidate Application Note 1 or its list of offenses without further analysis. Instead, the courts went on to consider

whether Application Note 1 remained applicable to either the force/elements or enumerated offenses clause. E.g., Durete, 2016 WL 5791199, at **5–7; see also United States v. Jeffries, 2016 WL 2848498, at *1 (5th Cir. May 13, 2016) (per curiam) (upholding career offender designation despite excising the residual clause because the offense was listed in Application Note 1).

While Defendant puts forth a reasonable argument, the court is not willing to assume, in the absence of any solid authority, that Johnson invalidated Application Note 1 or nullified its list of offenses. Rather, the court finds that the more prudent action is to evaluate how Application Note 1 affects the remaining clauses.

### b. Application Note 1 and the Remaining Clauses

"Application notes like this one are treated as authoritative interpretations of the Sentencing Guidelines, unless they violate the Constitution or a federal statute or are inconsistent with, or a plainly erroneous reading of, the Guideline they are meant to interpret." United States v. Rising Sun, 522 F.3d 989, 996 (9th Cir. 2008); see also Stinson v. United States, 508 U.S. 36, 43 (1993) ("If, for example, commentary and the guideline it interprets are inconsistent in that following one will result in violating the dictates of the other, the Sentencing Reform Act itself commands compliance with the guideline."). The question, then, is whether Application Note 1 is now inconsistent with, or a plainly erroneous reading of, the remaining text of the section, and thus cannot serve to add robbery to the text's definition.

### i. The Force/Elements Clause

The court finds that, under Stinson, it would be inconsistent to interpret the force/elements clause to include generic robbery. In the Ninth Circuit, generic robbery is defined as "aggravated larceny, containing at least the elements of misappropriation of property under circumstances involving immediate danger to the person." Becerril-Lopez, 541 F.3d at 891 (emphasis omitted). But as noted in Dixon, the ACCA's force/elements clause requires the *intentional* use of *violent* force, 805 F.3d at 1197 (emphasis added), and because the Ninth Circuit treats the identical force/elements clause

of the Career Offender Guidelines in the same manner, see, e.g., United States v. Flores–Cordero, 723 F.3d 1085, 1088 (9th Cir.2013); United States v. Narvaez-Gomez, 489 F.3d 970, 976 (9th Cir. 2007), that clause also requires the intentional use of violent force. Thus, for the same reason that "some [California robbery] violations . . . not constituting extortion . . . would meet the element test, [but] other[s] . . . would not," Dixon, 805 F.3d at 1197, some generic robbery would fall within the force/elements clause, but some would not. Accordingly, it would be inconsistent and erroneous to read generic robbery into the force/elements clause.

### ii.     The Enumerated Offenses Clause

Defendant argues that the enumerated offenses clause is an exhaustive list, and Application Note 1 cannot add to it.[7] The court disagrees.

First, in other sections of the Guidelines, the Commission explicitly directs courts to consider the Career Offender Guidelines *and* Application Note 1, with its additional enumerated offenses, to define crime of violence. See U.S.S.G. §§ 2K2.1 app. n.1; 7B1.1 app. n.2 ("'Crime of violence' is defined in § 4B1.2 (Definitions of Terms Used in Section 4B1.1). See § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2."). In following this edict in Tate, the Ninth Circuit did not balk at, or in any way point out the inconsistency in, holding that California robbery was a crime of violence

---

[7] Defendant argues that "the canon *expressio unius est exclusio alterius* directs that by limiting the enumerated offenses to a specified four generic crimes, the Commission intended to exclude other generic crimes from the Guideline's scope." The *expressio unius est exclusio alterius* principle provides that "when a statute limits a thing to be done in a particular mode, it includes a negative of any other mode. This is a rule of interpretation, not a rule of law. The maxim is a product of logic and common sense, properly applied only when it makes sense as a matter of legislative purpose." Longview Fibre Co. v. Rasmussen, 980 F.2d 1307, 1312–13 (9th Cir. 1992). The cases Defendant cites in support of this proposition are inapposite, and the court is not convinced. For example, United States v. Garcia-Guerrero, 635 F.3d 435, 439 (9th Cir. 2011), does not apply because in that case, there was "no indication" that the Sentencing Commission intended a section of the Guidelines to apply to particular convictions. That is not the case here.

under section 2K2.1 because extortion appeared in the text and robbery appeared in the application note. Rather, it did just that. The Ninth Circuit certainly could have said that after <u>Johnson</u>, and cognizant of <u>Stinson</u>, it was not permitted to read the Career Offender Guidelines and Application Note 1 together in that manner. It did not, and, given that guidance, neither will the court in this case.

Second, as discussed in <u>Becerril-Lopez</u> and <u>Flores-Mejia</u>, section 2L1.2 of the Guidelines provides, in the application notes, that both extortion and robbery are crimes of violence under the section. This not only implies the notes' usefulness in interpreting the text of the Guidelines,[8] but indicates that the Sentencing Commission considers both extortion and robbery to be crimes of violence, whether the Commission includes both offenses in the application notes, as in section 2L1.2, or places one in the text and one in the application note, as in the Career Offender Guidelines.

Third, the Sentencing Commission recently indicated that, in its view, all the enumerated offenses of the Career Offender Guidelines qualified as crimes of violence, whether those offenses were listed in the text or Application Note 1. In amending the Career Offender Guidelines' definition of crime of violence (as discussed in footnote 4), the Commission explained that, "[f]or easier application, all enumerated offenses are now included in the guideline at section 4B1.2," whereas "prior to the amendment, the list was set forth in both section 4B1.2(a)(2) and the commentary at Application Note 1."

---

[8] Indeed, the Ninth Circuit has emphasized adherence to the Guidelines' application notes. See <u>United States v. Staten</u>, 466 F.3d 708, 715–17 (9th Cir. 2006) (reversing district court that did not adequately consider application note to Guidelines' section 2D1.1(b)(5)(B) addressing the factors to consider in determining whether an offense created a substantial risk of harm to human life); <u>United States v. McKinney</u>, 15 F.3d 849, 852 n.8 (9th Cir. 1994) (stating district court was "obliged to assess . . . conduct in light of the appropriate considerations listed in the application notes" to section 3E1.1, and "[f]ailure to follow such commentary could constitute an incorrect application of the guidelines, subjecting the sentence to possible reversal on appeal").

Robbery remains on that list.  See U.S.S.G. § 4B1.2, amend. 798 (Aug. 1, 2016).

In sum, the court concludes that Application Note 1's inclusion of robbery is not inconsistent with, or a plainly erroneous reading of, the enumerated offenses clause.  As such, the court must, pursuant to Stinson, treat Application Note 1 as an authoritative interpretation of the Career Offender Guidelines.  In so doing, the court must then follow Becerril-Lopez, Flores-Mejia, and Tate, which remain good Ninth Circuit law, Dixon notwithstanding.  See Dixon, 805 F.3d at 1196 ("Thus, although they are useful precedents, Flores-Mejia and Becerril-Lopez do not control the outcome of this case.").

The court acknowledges, however, that there is disagreement among courts on a number of issues presented in Defendant's motion.  Compare United States v. Taylor, No. 2:13-CR-0384 GEB CKD, 2016 WL 5468381, at *8 (E.D. Cal. Sept. 28, 2016) (recommendation by magistrate judge that district court deny section 2255 motion because California robbery remains crime of violence under Career Offender Guidelines) and United States v. Hall, 714 F.3d 1270, 1274 (11th Cir. 2013) (holding that Stinson controls and inclusion of offense in Application Note 1's enumerated list makes offense crime of violence under Career Offender Guidelines) with United States v. Walker, No. 12CR0430-CW, 2016 WL 5921257, at *6 (N.D. Cal. Oct. 5, 2016) (disregarding Tate and holding that California robbery is no longer a crime of violence under the Career Offender Guidelines after Johnson) and United States v. Soto-Rivera, 811 F.3d 53, 60 (1st Cir. 2016) (declining to rely on application note's inclusion of possession of a machine gun as crime of violence because "in the absence of the residual clause, there is nothing within § 4B1.2(a)'s text to serve as an anchor for Application Note 1's inclusion of possession of a machine gun within the definition of crime of violence").

While Soto-Rivera, as a published court of appeals case, undoubtedly provides guidance, the court respectfully declines to follow it in the instant case.  For one thing, "the issue before [the First Circuit was] narrow, and so [was its] ruling."  Id. at 54.  Essentially, Soto-Rivera held that nothing linked Application Note 1 to the text of the section given the framework of firearm possession and the government's concession that

the offense could not meet the force/elements clause. Id. at 58. In contrast to Soto-Rivera, there is more to bridge Application Note 1 and the text here: the Ninth Circuit's opinion in Tate, the inclusion of both offenses in the application notes of section 2L1.2, and the close relationship between extortion—an enumerated offense—and robbery, which together make up California robbery. Thus, on the whole, and after considering all available authority, it is the court's judgment that California robbery remains a crime of violence.

## CONCLUSION

For the foregoing reasons, the court denies Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. However, because the motion presents complex issues that are "adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003), the court grants a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

DATED: October 20, 2016

JEFFREY T. MILLER
United States District Judge