UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>KRISTOPHER KINMAN (02),<br><br>                             Defendant. | Case No.: 06cr2609-2 JM<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)** |

      Defendant Kristopher Kinman moves, <u>pro se</u>, for a sentence reduction on the basis of Amendment 782 to the United States Sentencing Guidelines ("the Guidelines" or ("U.S.S.G."). (Doc. Nos. 124, 126, 128.) Amendment 782 revised the Drug Quantity Table in Guidelines section 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses.[1] For the following reasons, the court denies Defendant's motion.[2]

---

[1] Amendment 788 made Amendment 782 retroactive to previously sentenced defendants, limiting the effective date to November 1, 2015. <u>See</u> U.S.S.G., supp. App'x. C, amend. 788 (2014); U.S.S.G. § 1B1.10.

[2] Because Defendant has no viable claim for relief on this motion, the court also denies his motions to appoint counsel. (Doc. Nos. 120, 122.)

1

## DISCUSSION

In general, a criminal sentence is final upon completion of direct review, and the sentencing court thereafter lacks authority to revisit it. Dillon v. United States, 560 U.S. 817, 821 (2010); United States v. Leniear, 574 F.3d 668, 673 (9th Cir. 2009). However, Congress created a limited exception to this rule in 18 U.S.C. § 3582(c), authorizing district courts to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." United States v. Dunn, 728 F.3d 1151, 1155 (9th Cir. 2013). In such circumstances, a two-step analysis applies. Dillon, 560 U.S. at 827. First, the court must determine "the amended guideline range that would have been applicable to the defendant if the relevant amendment had been in effect at the time of the initial sentencing." Id. If the defendant is eligible for a sentence modification, the court must next consider any applicable factors under 18 U.S.C. § 3553 to determine whether a modification is warranted. Id. But the court must "leave all other guideline application decisions unaffected" and ensure that reductions are "consistent with applicable policy statements issued by the Sentencing Commission." See generally U.S.S.G. § 1B1.10.

Here, Defendant was convicted of two counts of violating 21 U.S.C. § 841(a) by distributing five grams or more of methamphetamine. (Doc. No. 79.) At sentencing, the court determined that, based on his prior convictions for robbery and drug trafficking, Defendant was a career offender as defined in section 4B1.1 of the Guidelines—a determination the court recently reaffirmed in deciding Defendant's motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 159.) Thus, while Amendment 782 may have reduced the base offense level for some 21 U.S.C. § 841(a) convictions, it did not reduce Defendant's offense level, as section 4B1.1 continues to control his case. And under section 4B1.1, Defendant's conviction, which carries a statutory maximum of forty years in prison, see 21 U.S.C.A. § 841(b)(1)(B)(viii), maintains a base offense level of 34, as it did when Defendant was sentenced, see U.S.S.G. § 4B1.1. Consequently, Amendment 782 did not lower Defendant's applicable Guidelines range, and Defendant

is not eligible for a sentence reduction.

## CONCLUSION

For the foregoing reasons, the court denies Defendant's motions to reduce his sentence.

IT IS SO ORDERED.

DATED: October 21, 2016

JEFFREY T. MILLER
United States District Judge